**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLOR DE MARIA ORELLANA, | No. 09-71250 |
| Petitioner, | Agency No. A029-129-755 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:      SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Flor de Maria Orellana, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reopen removal proceedings and her motion to remand, seeking sua

sponte reopening. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

an abuse of discretion the BIA's denial of a motion to reopen and motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), and review de novo questions of law, *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Orellana's motion to reopen as to her due process claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation). The BIA also did not abuse its discretion in denying Orellana's motion to reopen as to her ineffective assistance of counsel claim. *See Nehad v. Mukasey*, 535 F.3d 962, 967 (9th Cir. 2008) ("To make out an ineffective assistance claim, an immigrant must show (1) that counsel's performance was deficient, and (2) that counsel's deficiency caused prejudice.") (citation omitted).

We lack jurisdiction to reach Orellana's remaining claims that the BIA erred in not reopening her removal proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**